JOURNAL ENTRY and OPINION.
{¶ 1} This appeal arises from an alleged contempt citation issued to non-party appellant Carla Cornecelli, a claims adjuster for Allstate Insurance Company. Allstate provided insurance to the defendant in the underlying motor vehicle negligence action being tried by the court. Cornecelli claims the court found her in contempt for failing to appear at trial as allegedly ordered in a case management conference order. The order at issue said that "all clients and/or insurance representatives are to be present" for trial. Without conducting a hearing on the contempt citation, the court sentenced Cornecelli to ten days in jail, fined her $1,000 and ordered her to pay $800 in attorney fees. All this was for making the court wait two hours for her to appear at the start of trial to which she was not a party.
 {¶ 2} We could have much to say about the court's intemperate manner of handling this matter. It decided to jail Cornecelli for ten days for a violation of an ambiguous pretrial order (the phrase "and/or
insurance representatives" as used in the court's pretrial order does not clearly compel the attendance of the insurance representative). In addition, the court did not give Cornecelli a hearing as constitutionally required. The court may have had underlying reasons for taking such precipitously rash action for a non-party who was two hours late, but it did not bother to state them on the record.
 {¶ 3} All of that is of no moment, however, as the court failed to journalize any order of contempt. It requires no citation for the proposition that a court speaks only through its journal. By failing to issue any journal entry relating to contempt, it follows that there is no contempt order from which to appeal. See R.C. 2505.02. We note tangentially that we granted Cornecelli a writ of habeas corpus on June 26, 2002, the date on which the court meant to hold her in contempt, so she is not incarcerated. See Cornecelli v. McFaul, Cuyahoga App. No. 81467, 2002-Ohio-4285. It follows that any order purporting to find Cornecelli in contempt is a nullity, as are the fines and ordered attorney fees.
Dismissed.
This appeal is dismissed.
Costs assessed against appellants.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
ANN DYKE, J., and COLLEEN CONWAY COONEY, J., CONCUR.